UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESIREE MARIE CONVERSE,<br><br>Defendant. | Case No. 4:16-cr-00285-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Desiree Converse's Motion for Early Termination of Supervised Release (Dkt. 41). Having reviewed the Motion and the Government's Response (Dkt. 44), the Court now issues its decision. For the reasons explained below the Court will grant the Motion.

## BACKGROUND

On February 22, 2018, this Court sentenced Ms. Converse to time served followed by five years of supervised release for Possession with Intent to

Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. 841(b)(1)(C). (Dkt. 39). Her supervision is set to expire on February 22, 2023. Thus, as of this writing Ms. Converse has completed three years of her five-year term of supervised release.

On February 25, 2021, Ms. Converse, through counsel, filed a motion for early termination of supervised release. (Dkt. 41). Ms. Converse states early termination is justified because she has gone above and beyond expectations while on supervision. Ms. Lopez is currently employed full time and owns her own home. She also reports that she is engaged and requests to be released from supervision so she can move to Utah where her fiancée currently lives. The United States Probation Officer assigned to the case reports that Ms. Converse has done very well on probation and supports early termination of supervised release for Ms. Converse. The Government does not oppose the Motion.

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after a Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the court must review a number of sentencing factors which include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (citing *United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir.2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

After reviewing Ms. Converse's performance on supervision and the 3553(a) factors, the Court finds that early termination is "warranted by the conduct of the defendant" and "in the interest of justice." 18 U.S.C. § 3583(e)(1). Ms. Converse has conducted herself in an exemplary fashion on supervised release. The Court finds that there is no longer a need to supervise Ms. Converse and early termination would permit the U.S. Probation Office to focus resources in areas of greater need. Therefore, the Court will grant the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 41) is **GRANTED**.

DATED: April 12, 2021

B. Lynn Winmill
U.S. District Court Judge